**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Gibson, et al., | No. MC-14-00083-PHX-NVW |
| Plaintiffs, | **ORDER** |
| v. | |
| Gary Poirier, | |
| Defendant. | |

Before the Court are Real Party in Interest John Doe's Motion to Stay Order Denying Motion to Quash Subpoena (Doc. 24), the Response (Doc. 28), and the Reply (Doc. 30). On March 10, 2015, the Court orally denied Doe's Motion to Quash Subpoena (Doc. 10) because at least some of the statements in question indisputably qualified as commercial disparagement and Doe's identity was therefore relevant to the underlying defamation action. Doe intends to appeal that ruling and asks the Court to preserve the status quo while his appeal is pending.

Courts weigh four factors when considering motions like Doe's: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted). Here, whether the "minimum quantum of likely success" required by the first factor is defined as "a reasonable probability" of prevailing or merely as the existence of

"serious legal questions," Doe has not met his burden. *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) (citations and internal quotation marks omitted). Even reading Doe's statements in context, and even employing the summary judgment standard Doe urges the Court to borrow from *Mobilisa, Inc. v. Doe*, 217 Ariz. 103, 170 P.3d 712 (Ct. App. 2007), Plaintiff has shown a likelihood of success in its defamation action sufficient to compel the disclosure of Doe's identity. Contrary to the claim Doe makes in his Reply, the Court at oral argument did not "reject[] Doe's assertion that Gibson is a limited purpose public figure." (Doc. 30 at 2; *see generally* Doc. 29.) Rather, the Court did not decide that question because Doe's statements were defamatory regardless of whether Gibson qualified as a public figure. The cases Doe cites in his Reply do not require revisiting the issue.

The First Amendment right to engage in anonymous speech "promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism.'" *Anonymous Online Speakers v. United States Dist. Court*, 661 F.3d 1168, 1173 (9th Cir. 2011) (alterations in original) (citation omitted). Doe's conclusory allegation that, should the Court deny his Motion, he may "be dragged into litigation or subjected to other retribution" (Doc. 24 at 5) is unavailing. If such vague, unsupported assertions were sufficient to establish irreparable injury to First Amendment rights, anonymous speakers would be entitled to stays as a matter of course. The *Hilton* standard is not so indulgent.

Doe's invocation of the "public interest" is no more convincing. Doe's original Motion to Quash Subpoena was predicated on a federal substantive right, i.e., the First Amendment right to speak anonymously. As a result, there is no basis to argue that resolution of that Motion should have been governed by the *Erie* doctrine, which holds that "federal courts sitting in diversity apply state substantive law and federal procedural law." *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (Stevens, J., concurring in part and concurring in the judgment) (citation and internal quotation marks omitted).

Most important, at least on the facts of this case, is the third *Hilton* factor.  The underlying defamation action was filed almost a full year ago.  Plaintiff has requested that all existing deadlines in the scheduling order be extended by ninety days, but contrary to Doe's representation, Plaintiff has not "obtained a stipulation" to that request from Poirier.  (Doc. 30 at 4 n.2; *see* Doc. 28-1 at 5.)  To date, the North Carolina court has not ruled on Plaintiff's motion.  Whether that motion is ultimately granted or denied, entering a stay at this late date could significantly disrupt the proceedings in the Eastern District of North Carolina, potentially bringing the action to a halt for months.  Especially where Doe's odds of success on appeal are so slim, such delay cannot be justified.

IT IS THEREFORE ORDERED that Real Party in Interest John Doe's Motion to Stay Order Denying Motion to Quash Subpoena (Doc. 24) is denied.

Dated: March 19, 2015.

                                            Neil V. Wake
                            United States District Judge